941 F.2d 1206
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bill CARROLL, Jr., Petitioner-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF CORRECTIONS, Attorney General
of North Carolina, Respondents-Appellees.
 No. 91-7562.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 20, 1991.
Decided Aug. 20, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-91-188)
 Bill Carroll, Jr., appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Bill Carroll, Jr., a North Carolina inmate, filed this action alleging that certain policies of the North Carolina Department of Corrections violated his constitutional rights to meaningful access to the courts and to self-representation.* He asserted that the policy of not providing typewriters and photocopying services to prisoners had precluded his filing a petition for certiorari to the United States Supreme Court. Additionally, Carroll complained that inmates could not assist one another in preparing legal documents. The district court dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d).
 
 
 2
 We agree with the district court that the complaint has no arguable basis in law or in fact. See Neitzke v. Williams, 490 U.S. 319 (1989). While the Supreme Court will only accept documents that are typewritten or printed, this requirement is effectively waived in the case of petitioners who are proceeding in forma pauperis. Similarly, the requirement that many copies of documents be submitted also is not enforced when a petitioner is unable to comply with this mandate. Sup.Ct.R. 39. Accordingly, the denial of access to a typewriter and photocopying services had no impact on Carroll's ability to file a petition for certiorari.
 
 
 3
 Second, as Carroll alleged no specific harm resulting from the purported policy forbidding inmates to assist each other in filing legal documents, he failed, in this complaint, to establish standing to bring the claim. See Fed.R.Civ.P. 41(b) (dismissal on jurisdictional grounds does not operate as adjudication on merits).
 
 
 4
 As our review of the record and other materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument. The judgment is affirmed.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Although filed as a 28 U.S.C. § 2254 petition, the action is properly construed as brought under 42 U.S.C. § 1983